OPINION OF THE COURT
Richard D. Huttner, J.
The People move for an order pursuant to CPL 200.20 (4) seeking consolidation of two indictments. The earlier indictment, No. 6560/85, contained two counts of burglary involving two separate incidents, committed on different occasions, at different locations. On June 2, 1986, Justice Vinik, of this court, severed these counts upon motion of the defendant and, *521 after a jury trial before me on one of the severed counts, the defendant was found guilty and sentenced.
The People now seek consolidation of the remaining count of indictment 6560/85, with indictment 60/86. Defendant opposes on grounds that this constitutes a de facto appeal of Justice Vinik’s prior ruling. This raises the novel issue of whether CPLR 2221 is violated when a count previously severed from one indictment by one Judge is later consolidated with a second indictment by another Judge.
Defendant’s prior motion papers dated May 19, 1986, whereupon severance was granted, did not address indictment 60/ 86. Justice Vinik ordered separate trials of the September 17, 1985 and May 19, 1986 burglaries that were charged in indictment 6560/85 and did not consider any issues regarding indictment 60/86. CPLR 2221 governs the modification, stay, vacatur, etc., of the same order and is addressed to the Judge who signed it.
Justice Vinik’s order was complied with in full by this court, as aforementioned, resulting in a guilty verdict with respect to the May 19, 1986 burglary. CPLR 2221 prohibits a Judge of coordinate jurisdiction from affecting the prior order of another Judge. In the case at bar, the People seek to consolidate the one remaining burglary count of indictment 6560/85 with indictment 60/86 on grounds that the evidence against the defendant in both matters is substantially similar, and both matters are defined by the same or similar statutory provisions. In the case before Justice Vinik, the relief sought was the severance of counts within the same indictment. Therefore, CPLR 2221 would not be violated by the consolidation of counts contained in two different indictments.
Defendant further opposes consolidation on grounds that the modus operand! of the remaining counts of indictment 6560/85 and indictment 60/86 are different, and claims that this constituted the basis for Justice Vinik’s order of severance. Since it appears Justice Vinik rendered his decision orally and no minutes have been furnished, this court cannot speculate as to Justice Vinik’s reasoning. Moreover, modus operandi is not one of the enumerated criteria to be considered in determining whether consolidation should be granted (CPL 200.20). Therefore, defendant’s argument is rejected. The remaining argument advanced by counsel, that the motion be denied because the defendant is confined, is devoid of merit.
Finally, no prejudice will result to the defendant by consoli *522 dation nor is any alleged in the answering papers. The purpose of CPL 200.20 is the elimination of duplicative trials, and to assure judicial economy, which is best served in this instance by consolidation.
Accordingly, the People’s motion to consolidate the remaining counts of indictment 6560/85 with indictment 60/86 is hereby granted.